IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


EDRICK B. FLOREAL-WOOTEN                                                    PLAINTIFF

v.                                    Civil No. 5:26-cv-05039-TLB-CDC

ARKANSAS POST-PRISON TRANSFER
BOARD; and WASHINGTON COUNTY
DETENTION CENTER                                                            DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

### I.  BACKGROUND

Plaintiff Edrick Floreal-Wooten filed this lawsuit while incarcerated at the Washington County Detention Center ("WCDC").  He alleges that on or around January 15, 2026:

> I was deferred by the Post Prison Board Parole when I was suppose[d] to appear in front of the board [due] to upcoming pending charges.  I was suppose[d] to be present for this hearing and was denied.  Washington County denied my transfer to prison when I should have been present in all proceedings.  I have been here 9 months on a six month parole violation.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

*See* ECF No. 1, pp. 4–5.  The only Defendants that Plaintiff has named in this lawsuit are the Arkansas Post-Prison Transfer Board ("APPTB") and WCDC.  *See id.*  As relief, Plaintiff seeks one million dollars in compensatory and punitive damages, and to be "given the opportunity to be heard in front of the parole board."  *See id.* at 6.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff has not sued any proper defendants in this case.  First, WCDC is not a proper defendant and should be dismissed, because "county jails are not legal entities amenable to suit." *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  Second, Plaintiff cannot seek monetary damages from the APPTB, because the Eleventh Amendment provides states and state agencies with sovereign immunity from such claims.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70–71 (1989).  Finally, as for Plaintiff's request for injunctive relief against the APPTB in the form that he be given the opportunity to be heard in front of the parole board: although "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies."  *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).  In other words, the fundamental problem here is that Plaintiff's Complaint does not name any individual at all, whether employed by the county, the state, or some other entity; much less does his Complaint explain or allege how any such individual is responsible for preventing Plaintiff from appearing before the parole board.  As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of April 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE